## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **WILLIAM F. SHEA, LLC, et al.,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**BONUTTI RESEARCH, INC., et al.,**<br><br>**Defendants.** | **CASE NO. 2:10-cv-615**<br><br>**JUDGE FROST**<br><br>**MAGISTRATE JUDGE KING** |

## <u>STIPULATED PROTECTIVE ORDER</u>

Plaintiffs William F. Shea, LLC and Avon Equity Holdings, LLC, and defendant Bonutti Research, Inc. have stipulated and agreed to the entry of this Protective Order ("Order") to protect the discovery and dissemination of confidential or proprietary information, as well as information which will cause unreasonable annoyance, expense, embarrassment, disadvantage, or oppression to any party or person providing discovery in this case.

Upon a showing of good cause in support of the entry of this Protective Order, **IT IS HEREBY ORDERED**, pursuant to Fed. R. Civ. P. 26(c)(1), that the following terms and conditions shall govern the disclosure and use of information produced in this case:

1.      **Discovery Material Defined.**  Discovery Material shall be defined as all materials and all copies, transcriptions, abstracts, digests, notes, summaries, and

excerpts or other reproductions of materials produced by either a party or a non-party (the "Producing Party") to another party (the "Receiving Party") in response to or in connection with any discovery conducted in this action, including, but not limited to, deposition testimony (whether based on oral examination or written questions), answers to interrogatories, documents and things produced (including documents and things produced to the Receiving Party (the "Receiving Party") for inspection and documents and things provided to the Receiving Party, whether in the form of originals or copies), information obtained from inspection of premises or things, answers to requests for admission, and electronically stored information in any form (including embedded data and metadata) ("ESI")..

2.      **Applicability**.  This Order shall apply to (1) all parties currently named or later joined in this action, including, in the case of parties other than individuals, all divisions, subsidiaries, agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, insurance carriers, attorneys, and all other persons acting on behalf of a party; and (2) any other person or entity who produces Discovery Material in this action and complies with the terms of Paragraph 28 below.

3.      **Designation of Confidential Material.** A Producing Party may designate as "Confidential" any Discovery Material that it produces in this action which contains (i)   trade secrets or other Confidential non-public research and analysis, development, commercial information; (ii) internal communications regarding confidential material; (iii)other commercially sensitive or proprietary information that

2

may give one an opportunity to obtain an advantage over competitors who do not know or use it; (iv) non-public personal information; or (v) other information for which a good-faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Material").  All designations of Confidential Material will be made by an attorney.

4. **Designation of Confidential-Attorneys' Eyes Only Material.**  A Producing Party may designate as "Confidential-Attorneys' Eyes Only" any Confidential Material which contains or discloses highly sensitive and non-public information that, if disclosed, may impair or destroy the commercial and proprietary value of such information or the privacy rights that attach to it ("Confidential-Attorneys' Eyes Only Material").  All designations of Confidential-Attorneys' Eyes Only Material will be made by an attorney.

5. **Applicability of Confidentiality Designations.**  The terms "Confidential" and "Confidential-Attorneys' Eyes Only" do not apply to any document or information to the extent that such document or information has been previously disclosed publicly or is otherwise available to the public from any source, provided such prior disclosure or public availability is not the result of wrongful or improper conduct, or in violation of a duty not to disclose.  Any party asserting that a document or information is not Confidential or Confidential-Attorneys' Eyes Only as a result of circumstances discussed in the preceding sentence must follow the procedures for contesting such a designation set forth in paragraph 17 below.  In agreeing that parties

3

and non-parties may designate material as Confidential or Confidential-Attorneys' Eyes Only, the parties do not endorse the propriety of any such designation and reserve all rights to challenge any such designation in accordance with paragraph 17 below.

6. **Exercise of Restraint and Care in Designating Material for Protection.** Each Party that designates Discovery Material as Confidential or Confidential-Attorneys' Eyes Only must take care to limit any such designation to material that qualifies under the appropriate standards. The designation of Discovery Material by the Producing Party as Confidential or Confidential-Attorneys' Eyes Only shall constitute a representation by that Party that it has reviewed the Discovery Material and that there is good cause for such designation. A Producing Party must take care to designate for protection material, documents, items, or oral or written communications that qualify so that other material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of the designation. If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Party must promptly notify all other parties that it is withdrawing the original designation.

7. **Procedure for Making Confidentiality Designations**. Any Producing Party may designate as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to Paragraphs 3 and 4 above, any Discovery Material produced in this action by doing the following prior to the production of such Discovery Material:

4

a.   In the case of documents and written discovery responses, by affixing the legend ""CONFIDENTIAL" to each page containing Confidential Material or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page containing Confidential-Attorneys' Eyes Only Material.

b.   In the case of ESI, by designating the ESI as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in a cover letter accompanying the production of the ESI.  Where feasible, counsel for the Producing Party will also mark the disk, tape, or other electronic media on which the ESI is produced--as well as each individual page, image, or similar portion of the ESI--with the appropriate designation.    If a Party reduces Confidential or Confidential-Attorneys' Eyes Only ESI to hard-copy form, it shall mark the hard copy with the appropriate designation.  If a Party copies any Confidential or Confidential-Attorneys' Eyes Only, it shall mark all copies with the appropriate designation.

c.   All testimony given at a deposition and each transcript of a deposition will be presumptively treated as Confidential.  Within thirty (30) calendar days after receipt of the deposition transcript, legal counsel for any party to this action and or legal counsel for the deponent may designate certain, if any, pages of the transcript as

5

"CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by notifying all legal counsel of record in writing of said designation, and thereafter such pages will be treated as designated "Confidential" or "Confidential - Attorneys' Eyes Only." Testimony given at a deposition may also be so designated by an appropriate statement at the time of the giving of the testimony. If no such designation is made by legal counsel within thirty (30) calendar days after receipt of the deposition transcript, the transcript will be considered not to contain Confidential Material.

8. **Inadvertent Failure to Make Confidentiality Designations**. The inadvertent failure to designate Discovery Material in accordance with this Order shall not preclude the Producing Party from later designating in good faith any such Discovery Material as Confidential or Confidential-Attorneys' Eyes Only provided that the Producing Party produces new copies of the Discovery Material at issue, with the proper designation, within thirty (30) business days of the Producing Party's discovery of the inadvertent failure to make the appropriate designation. Counsel for a party to this action may challenge the designation of any Discovery Material as Confidential or Confidential-Attorneys' Eyes Only by the procedure designated in paragraph 17 below.

9. **Prohibited Use of Confidential and Confidential-Attorneys' Eyes Only Material.** Materials designated "Confidential" or "Confidential-Attorneys' Eyes

6

Only" shall be used for the purposes of this action only and for no other business, competitive, personal, private, public, or other purpose, and shall not without leave of this Court be disclosed other than as authorized by paragraph 10 and 11 below. Prohibited use of materials and contents of materials marked "Confidential" or "Confidential-Attorneys' Eyes Only" includes, but is not limited to, contact with the media, public comment or discussion of any kind on the materials.

10. **Persons Who May Access Confidential Material.** Discovery Material designated "Confidential" may only be disclosed to, and used by:

a. outside counsel of record for the parties in this action, and persons regularly employed in the office of such counsel;

b. in-house counsel for the parties who are actively involved in assisting with the prosecution or defense of this litigation;

c. the parties, including officers, directors, consultants, and employees of the parties having responsibilities related to the subject matter of the proceeding with whom counsel speaks with for purposes of this litigation;

d. current or former employees of the designating party during the course of his or her deposition;

7

e.      other witnesses and their counsel during the course of a deposition, hearing, or trial in accordance with the procedure described in paragraphs 19, 20, and 21 below;

f.      persons identified in the document as an author of the document either in whole or in part, or persons to whom the document was sent prior to its production in this proceeding;

g.      court reporters;

h.      mediators;

i.      experts, consultants, or vendors who are employed or retained by a party or its counsel in this action;

j.      the Court and Court personnel involved in this litigation; and

k.      the direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such staff or personnel are actively involved in assisting with the prosecution or defense of this litigation.

8

11. **Persons Who May Access Confidential-Attorneys' Eyes Only Material.** Confidential Material designated "Confidential-Attorneys' Eyes Only" may only be disclosed to, and used by, the persons identified in paragraphs 10.a, 10.b, 10.f, 10.g, 10.h., 10.i, and 10.j and the direct staff of, and any contract support personnel employed or retained by, any of those persons, provided that such staff or personnel are actively involved in assisting with the prosecution or defense of this litigation. However, Confidential Material designated "Confidential-Attorneys' Eyes Only" may not be disclosed to or used by any persons identified in paragraph 10.i who are current employees of the Receiving Party or employed by, or an agent or member of, any affiliate of the Receiving Party.

12. **Application of this Protective Order to Persons With Access to Confidential or Confidential-Attorneys' Eyes Only Material.** In no event shall Confidential or Confidential-Attorneys' Eyes Only Material be disclosed to any person listed in sub-paragraphs 10.b; 10.c; 10.d; 10.e; 10.g; 10.h; 10.i; or 10.k unless such person has executed the attached Acknowledgement (**Exhibit A)** in advance of any disclosure to such person. Counsel for the party that supplies such materials to authorized recipients shall first inform such recipients that the materials are being disclosed pursuant to the terms of this Order and may not be used or disclosed other than pursuant to the terms hereof, and shall be responsible for first obtaining and maintaining any Acknowledgment required hereunder. Counsel for any party shall have the right to a copy of executed Acknowledgments upon making a reasonable written request to another party, except for consulting experts, and with respect to testifying experts only after the time for disclosure of such experts has been triggered by

9

application of the Federal Rules of Civil Procedure or any order entered by the Court for this case.

13.     **Consent to Jurisdiction and Venue in This Court in Matters Concerning This Protective Order**.  All parties to this action and anyone executing the attached affidavit consent to jurisdiction of this Court and to venue in this Court, even after final adjudication, including settlement or other disposition, to enforce this Order, to punish disobedience of this Order, and to decide all issues involving this Order.  The consent to jurisdiction and venue expressed in the foregoing sentence is strictly limited to the enforcement and interpretation of this Order and shall in no event be interpreted as consent by any party or non-party to the Court's jurisdiction over any action concerning any other matter whatsoever or to venue in this Court in any such action.

10

14.     **Inadvertent Disclosure of Confidential or Confidential-Attorneys' Eyes Only Material.**  Should any Confidential or Confidential-Attorneys' Eyes Only Material be disclosed, through inadvertence or otherwise, by a Receiving Party to a person not authorized to receive such information under this Order, then the Receiving Party will: (a) use its best efforts to obtain the return of such Confidential or Confidential-Attorneys' Eyes Only Material and to bind such person to the terms of this Order; (b) within seven (7) business days of the discovery of such disclosure, inform such person of all the provisions of this Order and identify such person to the Producing Party; and (c) request that such person sign the Acknowledgment attached hereto as **Exhibit A**.  Counsel for the Producing Party will be notified if within ten (10) business days the person to whom the Confidential or Confidential-Attorneys' Eyes Only Material was inadvertently disclosed refuses to sign the Acknowledgment.  Nothing in this paragraph is intended to limit the remedies that the Producing Party may pursue for breach of this Order.

15.     **Inadvertent Production of Attorney-Client Privileged or Work Product Information.**  If information subject to a claim of attorney-client privilege or work product is inadvertently or mistakenly produced, such production shall not be presumed to constitute a waiver of, or estoppel as to, any claim of privilege, work-product protection, or other ground for withholding production to which the Producing Party would otherwise be entitled.  If a Producing Party has inadvertently produced information subject to a claim of attorney-client privilege or work product in the course of discovery in this case, then within ten (10) business days of the Producing Party's discovery of the inadvertent production, the Producing Party shall notify all Receiving

11

Parties in writing of the inadvertent production by identifying the inadvertently produced material and stating the basis for the privilege or other protection.  Within ten (10) business days of receiving such notification, and in compliance with the Receiving Party's ethical obligations under the law, each Receiving Party shall either (a) notify the Producing Party in writing that the Receiving Party objects to the  claim of privilege or other production; or (b) destroy or return the information, including all copies thereof, to the Producing Party, and certify in writing that it has done so.  To the extent the Receiving Party has incorporated such inadvertently or mistakenly produced information subject to a claim of attorney-client privilege or work product into other documents, notes, or other materials, the Receiving Party shall destroy all such documents, materials, or other information derived solely from the inadvertently produced information and certify in writing that it has done so.

If a Receiving Party notifies the Producing Party that the Receiving Party objects to the  claim of privilege or other production, then the Producing Party may, within fifteen (15) business days of receiving such notification, move the Court for an order compelling the destruction or return of such materials or information.  Pending the Court's ruling on the motion, a Receiving Party must, if it does not destroy and expunge the information pursuant to this paragraph, retain the inadvertently produced information in a sealed envelope and shall not disclose or make any use of such information, except in connection with the motion.  Within five (5) business days of the issuance of a Court order deeming the contested material privileged or otherwise protected, the Receiving Party must return or confirm destruction of all such materials, including all copies and summaries thereof and other materials solely derived from the

12

privileged or protected materials.  Any person making a motion or related filing under this paragraph shall move the Court for an order to file any contested material under seal.

The failure by a Producing Party to take reasonable measures to prevent the production of information subject to a claim of attorney-client privilege or work product shall not, by itself, prevent the Producing Party from arguing or establishing that the production was inadvertent for purposes of this paragraph.  Nothing in this paragraph is intended to limit or relieve any person of any duty they may have under applicable law or codes of conduct to notify a Producing Party of the receipt of what appears to be information subject to a claim of attorney-client privilege or work product.

16.  **Request for Disclosure of Confidential or Confidential-Attorneys' Eyes Only Material.**  In the event that counsel for a party to this action desires to disclose Confidential or Confidential-Attorneys' Eyes Only Material to any person or entity other than those described in Paragraph 10 above, that counsel shall first make a written request to counsel for the party which produced such materials for permission to disclose such materials or the contents of such materials, which written request shall identify the Bates-number of the documents for which such disclosure is sought and set forth with specificity the identity of the person, groups of persons, or entity for whom such permission to disclose is sought.  In the event the Producing Party objects to a request made pursuant to this Paragraph 16, the counsel objecting to the disclosure shall notify counsel for the other party in writing within fourteen (14)

13

calendar days after receiving such a request.  The failure to respond to a written request made pursuant to paragraph 16 of this Order shall constitute acquiescence to such a request.

17.     **Challenging Confidentiality Designations.**  A Receiving Party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith and must advise the Producing Party in writing of the objection no fewer than sixty (60) calendar days prior to the then-scheduled final pre-trial conference in the case.

Counsel for both parties shall then confer in good faith in an effort to resolve the dispute, and the Producing Party shall explain with particularity the basis for its belief that the designation is proper.  If the parties are unable to resolve the matter within fourteen (14) calendar days, then the party challenging the designation or seeking disclosure shall have fourteen (14) calendar days to petition the Court by motion, with a copy to opposing counsel, for an appropriate order.  Within fourteen (14) calendar days after service of such a motion, the Producing Party may submit to the Court a memorandum opposing the motion.  The burden of persuasion in any such proceeding shall be on the Producing Party.  Pending resolution of the dispute by the Court, disclosure to any person other than as provided herein shall be prohibited, absent an agreement by the Producing Party to disclose such information.  If the Court shall find that any Discovery Material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" should instead have been designated as "CONFIDENTIAL," the provisions of this Order relating to "CONFIDENTIAL" designated Discovery Material shall apply.

18.     **Filing Confidential or Confidential-Attorneys' Eyes Only Material.**  With the exception of those materials whose confidentiality designations

have been successfully challenged under paragraph 17 above, or otherwise agreed by the parties or ordered by the Court, the parties stipulate that any material designated "Confidential" or "Confidential-Attorneys' Eyes Only" which a party desires to file with the Court for any reason, is required to be filed under seal pursuant to Local Rule 79.3(a)(2). Such Confidential Material filed with the Court for any purpose will be submitted to the Clerk's Office in accordance with the provisions of Local Rule 79.3, including being submitted in a securely sealed envelope, with a conspicuous notation that the envelope contains "DOCUMENTS UNDER SEAL," the case number, case caption, a date or reference to this Order and a non-confidential descriptive title of the document noted on the face of the envelope. If any person fails to file protected Confidential or Confidential-Attorneys' Eyes Only Material under seal, the Producing Party or any other affected person claiming confidentiality for the documents or information may request that the Court place the filing under seal, without waiver of any other remedy the Producing Party may have.

19. **Use of Confidential or Confidential-Attorneys' Eyes Only Material at Depositions.** In the event materials or the contents of materials designated "Confidential" or "Confidential-Attorneys' Eyes Only" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity pursuant to subparagraph 10.e above, the deponent shall be required to acknowledge on the record that he or she has been advised of and has agreed to be bound by the terms of this Order. Use at a deposition of a document shall not waive its prior designation as Confidential or Confidential-Attorneys' Eyes Only.

16

20. **Use of Confidential or Confidential-Attorneys' Eyes Only Material at Hearings.** In the event that counsel for a party to this action desires to identify, discuss, disclose, or otherwise use Confidential or Confidential-Attorneys' Eyes Only Material during the course of any hearing, either before or during trial, he or she shall file any portion of any transcript wherein such Materials or the contents of such Materials are identified, discussed, disclosed, or used and any exhibits wherein such Material is identified, discussed, disclosed, or used, under seal with this Court pursuant to the procedures established in paragraph 18, and such Material shall be accorded the protections afforded by this Order.

A party may use Confidential of Confidential-Attorneys' Eyes Only Material at any hearing or other pretrial proceedings, and such use will not result in such material losing its status as Confidential or Confidential-Attorneys' Eyes Only. Counsel will confer on procedures necessary to protect the confidentiality of any documents, information and transcripts used in the course of any Court proceeding wherever practicable, and the Court may issue any orders in connection therewith. For example, the Court may direct that attendance at those portions of the proceedings or access to the transcripts of those proceedings in which Confidential or Confidential-Attorneys' Eyes Only Material is disclosed be restricted to Court personnel and persons authorized to receive Confidential or Confidential-Attorneys' Eyes Material by this Order.

21. **Treatment of Confidentiality Designations at Trial.** This Order shall apply only to Confidential and Confidential-Attorneys' Eyes Material during the

17

pre-trial phase of this action.  In the event that the case proceeds to trial, the parties agree to meet and confer regarding the handling of Confidential and Confidential-Attorneys' Eyes Only Material at trial.  In the event that the parties cannot reach an agreement, the Producing Party shall petition the court for an appropriate order.  However, all documents or information previously designated as Confidential or Confidential-Attorneys' Eyes Only, or as containing Confidential or Confidential-Attorneys' Eyes Only Material, shall remain Confidential or Confidential-Attorneys' Eyes Only, unless and until the parties agree otherwise or upon further order of the Court.

22.  **Return or Destruction of Confidential or Confidential-Attorneys' Eyes Only Material.**  This Order shall be binding throughout and after final adjudication of this action, including but not limited to final adjudication of any appellate proceedings, or any further proceedings on remand, and petitions for extraordinary writs.  Within sixty (60) calendar days after final termination of this action, at the request of the Producing Party, counsel for the Receiving Party will (a) return all Confidential and Confidential-Attorneys' Eyes Only Material in his or her possession, custody or control, in the custody of any authorized agents, outside experts, consultants retained or utilized by counsel for the Receiving Party to counsel for the Producing Party, or (b) certify in writing the destruction thereof to the Producing Party's counsel.  As to Confidential or Confidential-Attorneys' Eyes Only Material reflected in computer databases or backup tapes or any other electronic form, the Receiving Party will erase all such Confidential or Confidential-Attorneys' Eyes Only Material.  This obligation to return, destroy or erase Confidential and Confidential-Attorneys' Eyes

18

Only Material does not apply to attorney work product, although the terms of this Order will continue to apply to all such work product retained by any party after final termination of this action.

23.     **No Admissions of Relevance, Discoverability, or Admissibility.** Nothing in this Order shall be construed to be an admission of relevance, discoverability, or admissibility or to affect in any way the admissibility of any documents, testimony, or other evidence in this Litigation.  This Order is without prejudice to the right of any person to bring before the Court at any time the question of whether any particular information is discoverable or admissible.

24.     **Modification of the Protective Order.**  Nothing in this Order prevents any person from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or modifications of this Order.

25.     **Parties May Use Their Own Confidential and Confidential-Attorneys' Eyes Only Material.**  Nothing in this Order shall preclude any party from using its own Confidential and Confidential-Attorneys' Eyes Only Material in any way it sees fit, without prior consent of any party or the Court.  If a Producing Party knowingly discloses its own Confidential or Confidential-Attorneys' Eyes Only Material in a pleading filed in the Court's public record, or in a publication disseminated to the general public, the Producing Party should be deemed thereby to have consented to the

19

removal of that designation with respect to the information disclosed.

26.    **Retaining Experts or Consultants.**  Nothing in this Order precludes any party from retaining experts or consultants of their choice in this Litigation.

27.    **Agreement Binding Upon Execution.**  The signatories agree to be bound by the terms of this Order until such time as the Court rules thereon, and thereafter, the parties will be bound by the ruling of the Court.

28.    **Protective Order In Case of Production Pursuant to a Subpoena.** Any non-party producing documents pursuant to subpoena or otherwise may receive the benefits of and be bound by the terms of this Order by stipulating assent thereto in a writing addressed to counsel for the parties.  The party issuing the subpoena shall attach a copy of this Order and apprise the non-party of its rights herein.  Any party to the litigation may also assert claims of confidentiality to documents produced or testimony given by a non-party in accordance with the terms of this Order.

29.    **Third-Party Requests for Confidential or Confidential-Attorneys' Eyes Only Material**.  If a Receiving Party is subpoenaed in another action or proceeding or is served with a document demand or similar request, and the subpoena, demand, or request seeks Discovery Material covered by this Order which a Producing Party in this litigation has designated as Confidential or Confidential-Attorneys' Eyes Only, then the Receiving Party shall give written notice as soon as

20

practicable--and in no event more than five (5) business days after receipt of the subpoena, demand, or request—to counsel for the Producing Party and shall, to the extent permitted by law, withhold production of all Confidential and Confidential-Attorneys' Eyes Only Material until any dispute relating to the production of such Material is resolved.

30.      **Procedures Concerning Third-Party Materials**.  If a party to this litigation is required to produce Discovery Materials that were initially produced in other litigation and are subject to a protective order, or which otherwise contain information supplied by a non-party to this litigation and there exists a good faith basis for claiming that such information is confidential, or which are covered by a non-disclosure agreement ("Third-Party Materials"), and notice must be given or third-party consent must be obtained before production in this litigation of such Third-Party Materials, then the Producing Party must, within fifteen (15) calendar days of receiving a request for Third-Party Materials, initiate the steps necessary to comply with any pre-production notice or consent requirements imposed by any protective order in other litigation or by an applicable non-disclosure agreement (the "Third-Party Notice Requirements").   Upon satisfaction of its Third-Party Notice Requirements and resolution of any objections to the production of the Third-Party Materials in this litigation, the Producing Party shall promptly produce such Third-Party Materials.

31.      **Inadvertent Production of Third-Party Materials**.  If a Producing

21

Party inadvertently produces Third-Party Materials without first complying with any Third-Party Notice Requirements, then, within then within ten (10) business days of the Producing Party's discovery of the inadvertent production, the Producing Party may request in writing the return of the inadvertently produced Third-Party Materials. Within ten (10) business days of receiving such written request, and in compliance with the Receiving Party's ethical obligations under the law, each Receiving Party shall either (a) notify the Producing Party in writing that the Receiving Party objects to the request; or (b) destroy or return the information, including all copies thereof, to the Producing Party, and certify in writing that it has done so.  To the extent the Receiving Party has incorporated such inadvertently produced Third-Party Material into other documents, notes, or other materials, the Receiving Party shall destroy all such documents, materials, or other information derived solely from the inadvertently produced information and certify in writing that it has done so.

If a Receiving Party notifies the Producing Party that the Receiving Party objects to the  request for the return of the inadvertently produced Third-Party Material, then the Producing Party may, within fifteen (15) business days of receiving such notification, move the Court for an order compelling the destruction or return of such materials. Pending the Court's ruling on the motion, a Receiving Party must, if it does not destroy and expunge the information pursuant to this paragraph, retain the inadvertently produced information in a sealed envelope and shall not disclose or make any use of such information, except in connection with the motion.  If the Court grants the Producing Party's motion, then within five (5) business days of the issuance of the Court's decision, the Receiving Party shall destroy or return, as appropriate, the

22

inadvertently produced Third-Party Materials, including all copies and summaries thereof and other materials solely derived from the inadvertently produced Third-Party Materials.  Any person making a motion or related filing under this paragraph shall move the Court for an order to file any contested material under seal.

32.  **Violation of the Protective Order**.  The Court shall have discretion to impose reasonable sanctions for violations of this Protective Order.

Dated: <u>September 28, 2010</u>

<u>s/Norah McCann King</u>

UNITED STATES MAGISTRATE JUDGE

**AGREED**:

/s/ Charles E. Ticknor, III                          /s/ Joseph E. Ezzie

Mark A. Vander Laan (Ohio No. 0013297)        Daniel R. Warren (Ohio No. 0054595)

John E. Jevicky (Ohio No. 0012702)        Karen E. Swanson Haan (Ohio No. 0082518)

Dinsmore & Shohl LLP

BAKER & HOSTETLER, LLP

1900 Chemed Center

23

255 East Fifth Street

Cincinnati, Ohio 4520
Telephone: 513-977-8200
Facsimile: 513-977-8141
Email:  mark.vanderlaan@dinslaw.com
       john.jevicky@dinslaw.com

Charles E. Ticknor, III (Ohio No. 0042559)

Dinsmore & Shohl LLP

191 W. Nationwide Blvd., Suite 300

Columbus, Ohio 43215

Telephone: 614-628-6880

Facsimile: 614-628-6890

email: cticknor@dinslaw.com

*Attorneys for plaintiffs and counterclaim defendants*

3200 National City Center

1900 East Ninth Street

Cleveland, Ohio  44114

Telephone: (216) 621-0200

Facsimile: (216) 696-0740

dwarren@bakerlaw.com

kswansonhaan@bakerlaw.com

Joseph E. Ezzie (Ohio No. 0075446)

BAKER & HOSTETLER LLP

65 East State Street, Suite 2100

Columbus, Ohio 43215

Telephone: (614) 228-1541

Facsimile:  (614) 462-2616

24

jezzie@bakerlaw.com

*Attorneys for Bonutti Research, Inc.*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **WILLIAM F. SHEA, LLC, et al.,** | **CASE NO. 2:10-cv-615** |
| **Plaintiffs,** | **JUDGE FROST** |
| **vs.** | **MAGISTRATE JUDGE KING** |
| **BONUTTI RESEARCH, INC., et al.,** | |
| **Defendants.** | |

**ACKNOWLEDGEMENT**

I, _____, have read the Protective Order ("Order")
applicable to the above-captioned litigation (the "Litigation"), and I acknowledge
that the terms used herein have the same meaning given to them in the Protective
Order.

1.      I understand the terms and agree to be fully bound by them, and hereby
submit to the jurisdiction of this Court for purposes of enforcement of that Order.

26

2.      I understand that, in accordance with the terms of the Order, any Confidential or Confidential-Attorneys' Eyes Only Material, and any copies, excerpts or summaries thereof and materials containing Confidential or Confidential-Attorneys' Eyes Only Material, or derived from Confidential or Confidential-Attorneys' Eyes Only Material, may be used only for the purposes of this Litigation and may not be used for any other purpose including, without limitation, any business or commercial purpose.

3.      I agree that I will not disclose any Confidential or Confidential-Attorneys' Eyes Only Material to anyone other than persons permitted to have access to such material pursuant to the terms and restrictions of the Order and that I will maintain the appropriate security as to the Confidential Material and the Confidential-Attorneys' Eyes Only Material made available to me.

4.      I further agree that, upon termination of this action, or sooner if so requested, I will return to counsel all Confidential and Confidential-Attorneys' Eyes Only Material provided to me, including copies and excerpts thereof.  I moreover understand that failure to abide by the terms of the Order may result in legal action against me.

27

**Signature**

_____

**Printed Name**

_____

**Individual or entity represented**

_____

**Address**

**SWORN TO BEFORE ME and subscribed in my presence this _____ day of**

**_____, 201\_\_\_.**

28

_____

**Notary Public**

29