UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM F. SHEA, LLC, et al.,**

      Plaintiffs,

   v.                        Case No. 2:10-cv-00615-GLF-NMK
                            JUDGE GREGORY L. FROST
                            Magistrate Judge Norah McCann King

**BONUTTI RESEARCH, INC.,**

      Defendant.

## **OPINION AND ORDER**

This matter is before the Court on Defendant Bonutti Research, Inc.'s ("BRI") motion in limine to preclude at trial any references to the summary judgment rulings on liability issues previously issued by this Court.  (ECF No. 170.)  Also before the Court is Plaintiff William F. Shea, LLC's ("Shea") memorandum in opposition to BRI's motion.  (ECF No. 177.)  The Court **DENIES** BRI's motion.

### I. Background

Plaintiff William F. Shea, LLC ("Shea") and Avon Equity Holdings, LLC (an affiliate of Shea) brought this action alleging various causes of action, including breach of contract, against various Defendants.  (Complaint, ECF No. 3.)  All parties aside from BRI and Shea have been dismissed.  (ECF No. 135, at PAGEID # 6269.)  In October 2012, this Court granted summary judgment in favor of Shea as to BRI's liability for breach of contract and also granted summary judgment to Shea on BRI's counterclaims.  (ECF No. 135.)  Accordingly, the only matters remaining for this Court's consideration are damages and Shea's request for injunctive relief.

In advance of the trial, which is to commence on June 24, 2013, BRI seeks an in limine order precluding *any* references to the Court's summary judgment rulings. Because the only issue before the jury is the amount of damages recoverable for BRI's breach of the Consultant Agreement at issue in this case, BRI asks the Court to prevent Shea from informing the jury of the Court's summary judgment decision finding BRI liable for breach of contract. (ECF No. 170 at PAGEID# 7527.)

## II. Standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Courts, however, are generally reluctant to grant broad exclusions of evidence in limine, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp.

2d at 1388; *cf. Luce*, 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp.2d at 846. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. *Id.* The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *Id.* (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

### III. Discussion

BRI argues that evidence of and references to the Court's summary judgment ruling are irrelevant and that the Court should exclude them under Fed. R. Evid. 401 and 403. (ECF No. 170 at PAGEID# 7527-28.) BRI contends: "If the jury is to be informed of the Court's summary judgment ruling, BRI would be forced to seek to introduce evidence explaining its reasons for ceasing payments to Shea. The better solution, however, is to exclude as irrelevant both this evidence and all references to the Court's summary judgment rulings on liability issues, so the jury will be properly focused on issues of damages." (*Id.* at PAGEID# 7527.)

While the Court appreciates the concern that BRI has, the Court cannot agree to a categorical exclusion of all references to the summary judgment ruling. Indeed, the Court plans to inform the jury at the outset that liability has been resolved in this case in order to properly focus the jury on the concept that its role is to determine damages only. The preliminary

instruction contemplated by the Court would be precluded by the in limine order sought by BRI's motion. The Court will not hamstring itself that way. Nor can the Court decide in a vacuum that *any* references to the Court's liability determination would be categorically irrelevant. Any objections to such references are better addressed in the context of trial and not in an in limine ruling.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** BRI's Motion in Limine to preclude any references to the Court's summary judgment ruling. (ECF No. 170.) As with all decisions in limine, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pretrial motions and memoranda.

**IT IS SO ORDERED**.

  /s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE