UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM F. SHEA, LLC, et al.,**

  Plaintiffs,

  v.

**BONUTTI RESEARCH, INC.,**

  Defendant.

Case No. 2:10-cv-00615-GLF-NMK
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of the following Motion in Limine filed by Plaintiff William F. Shea, LLC:

  (1) Plaintiff's Motion in Limine to Exclude Testimony of Defendant's Expert Thomas McLeer (ECF No. 168); and

  (2) BRI's Opposition to Shea's Motion in Limine to Exclude the Testimony of Thomas McLeer (ECF No. 197).

As set forth in more detail below, the Court **DENIES** ECF No. 168.

### I. Background

Plaintiff William F. Shea, LLC ("Shea") and Avon Equity Holdings, LLC (an affiliate of Shea) brought this action in the Franklin County (Ohio) Court of Common Pleas alleging various causes of action, including breach of contract. (Opinion and Order, ECF No. 135, at PAGEID # 6269.) The case was removed to this Court based on diversity of citizenship. (*Id.*) All parties aside from BRI and Shea have been dismissed. (*Id.*)

1

Shea entered into an agreement with BRI in August 2003 to memorialize an ongoing business relationship in which Shea promoted the inventions and products of BRI and Dr. Bonutti, owner of BRI. (*Id.* at PAGEID # 6266.) As a part of this agreement, Shea was to receive certain fees, including commissions on completed transactions, even past the end of the working relationship. (*Id.*) BRI terminated the agreement on October 26, 2007. (*Id.* at PAGEID # 6268.) BRI ceased payments to Shea in June 2009. (*Id.*)

In June 2012, several Bonutti entities entered an agreement with Acacia Research Group ("Acacia"). (McLeer Report, ECF No. 168-1, PAGEID # 7512.) The agreement was for the purchase of 176 of Dr. Bonutti's patents and patent applications and BRI's interest under several of the licensing agreements currently at issue in this case. (*Id.*) Acacia made an upfront payment to the Bonutti entities of $38.6 million and the parties agreed to assign $4 million of the payment to the existing licensing agreements negotiated by Mr. Shea. (*Id.*)

This Court granted summary judgment to Shea on the cause of action for breach of contract and the case is proceeding to trial only on damages on that claim. The allocation of the initial payment in the Acacia transaction is a central issue. Plaintiff Shea now brings this motion in limine to exclude defense expert Thomas McLeer ("McLeer") from testifying on industry custom and practice in regards to the Acacia transaction and various other contracts at issue in the dispute. The trial is scheduled to commence on June 24, 2013.

## II. Standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine, the United States Supreme

2

Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Courts, however, are generally reluctant to grant broad exclusions of evidence in limine, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388; *cf. Luce*, 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp.2d at 846. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. *Id.* The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *Id.* (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

3

### III. Discussion

Shea seeks an in limine order to exclude McLeer's testimony in its entirety under Fed. R. Evid. 702.  The defense relies on McLeer to offer testimony on industry customs and practices in relation to the Acacia transaction and certain contract provisions.

Fed. R. Evid. 702 requires that (1) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact, (2) the testimony is based on sufficient facts and data, (3) the testimony is the product of reliable principles and methods, and (4) the witness has applied the principles and methods reliably to the facts of the case.  *Ross v. Am. Red Cross*, No. 2:09-cv-905, 2012 WL 1656995, at *5 (S.D. Ohio May 10, 2012).  Shea challenges McLeer's qualification as an expert and the reliability of his testimony.  (Pl.'s Mot. In Limine, ECF No. 168.)

**A. McLeer's Qualifications**

BRI seeks to have McLeer testify to the standard practices in the medical device industry based on his years of experience and "substantial involvement in the licensing and acquisition of medical patents and technologies."  (Def.'s Opp'n, EFC No. 197.)  Shea challenges his qualification because McLeer is a businessman—not a doctor, engineer, or patent expert—and opinions on damages and valuation are outside the scope of his expertise.  (Pl.'s Mot., ECF No. 168.)

Under Fed. R. Evid. 702, the court should give a broad interpretation to the term expert.  *Mannino v. Int'l Mfg. Co.*, 650 F.2d 846, 849 (6th Cir. 1981).  The court should only consider

4

"whether the expert's knowledge of the subject matter is such that his opinion will likely assist the trier of fact in arriving at the truth." *Id.* at 851.

McLeer is not a doctor or engineer, but he does have considerable experience in the medical technologies field. Since 1984, McLeer has been active in the industry in some capacity. (McLeer Report, ECF No. 168-1, at PAGEID # 7520-21.) His *curriculum vitae* includes several positions of management, direct involvement with the acquisition and marketing of technologies, and being a named inventor on issued or pending medical device patents. (*Id.*) McLeer is not required to be a doctor or engineer in order to be an expert. Any lack of experience or familiarity with a particular area of the industry goes to the weight of the testimony, not admissibility. *See Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500, 516 (6th Cir. 1998); *Davis v. Combustion Eng'g, Inc.*, 742 F.2d 916, 919 (6th Cir. 1984); *Ross*, 2012 WL 1656995, at *4.

McLeer's Report does not include any opinions which are beyond his field of expertise. (*Id.* at PAGEID # 7512-16.) Shea misconstrues the opinion testimony offered in the report. McLeer is opining that in his experience in the industry the use of the ratio method, and assignment in general, are common practice. (*Id.* at PAGEID # 7512-13.) His testimony is not based on a damages or valuation calculation. (*Id.*)

McLeer's opinions on the contract provisions at issue are also within his expertise. His opinions are based on the industry practice in drafting and contract interpretation. (*Id.* at PAGEID # 7515-16.) Testimony that goes to customary practices is admissible to assist the jury

5

in comparing conduct against the "standards of ordinary practice" of the industry. *Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977).

### B. Reliability of McLeer's Testimony

Shea argues that McLeer has based his opinions on insufficient evidence and has not reliably applied his knowledge to the facts of the case. (Pl.'s Mot., ECF No. 168.) Under Fed. R. Evid. 702, the opinion must be based on "sufficient facts or data" to be admissible. This is necessarily a fact specific determination. *Ross*, 2012 WL 1656995, at *5 (*quoting Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999)).

McLeer lists 89 documents and exhibits used in forming his opinion. (Pl.'s Mot., ECF No. 168-1, at PAGEID # 7517-19.) These documents supply the basis of the agreements and understandings at issue. McLeer's area of expertise is the application of industry standards to transactions between parties and the document list includes sufficient evidence of those transactions. (*Id.*)

The arguments made by Shea only tend to demonstrate weaknesses in McLeer's testimony. This goes to the weight of the testimony, not admissibility. *Ross*, 2012 WL 1656995, at *6 ("[M]ere weaknesses in the factual basis of an expert's opinion go to the *weight* of the testimony not its admissibility.") (*emphasis supplied*). Shea's complaints can easily be remedied by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion in Limine (ECF No.

6

168) to exclude testimony of defense expert Thomas McLeer.  As with all decisions in limine, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pretrial motions and memoranda.

    **IT IS SO ORDERED**.

                                 /s/ Gregory L. Frost
                               GREGORY L. FROST
                               UNITED STATES DISTRICT JUDGE