UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM F. SHEA, LLC, et al.,**

    Plaintiffs,

    v.

**BONUTTI RESEARCH, INC.,**

    Defendant.

Case No. 2:10-cv-00615-GLF-NMK
**JUDGE GREGORY L. FROST**
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of the following Motion in Limine filed by Defendant Bonutti Research, Inc. ("BRI"):

(1) Motion in Limine to Preclude at Trial any References to the *MarcTec* Lawsuit (ECF No. 171); and

(2) Motion in Opposition to Defendant's Motion in Limine to Preclude at Trial any References to the *MarcTec* Lawsuit (ECF No. 193).

As set forth in more detail below, the Court **GRANTS** ECF No. 171.

### I. Background

Plaintiff William F. Shea, LLC ("Shea") and Avon Equity Holdings, LLC (an affiliate of Shea) brought this action in the Franklin County (Ohio) Court of Common Pleas alleging various causes of action, including breach of contract. (Opinion and Order, ECF No. 135, at PAGEID # 6269.) The case was removed to this Court based on diversity of citizenship. (*Id.*) All parties aside from BRI and Shea have been dismissed. (*Id.*)

1

Shea entered into an agreement with BRI in August 2003 to memorialize an ongoing business relationship in which Shea promoted the inventions and products of BRI and Dr. Bonutti, owner of BRI. (*Id.* at PAGEID # 6266.)  As a part of this agreement, Shea was to receive certain fees, including commissions on completed transactions, even past the end of the working relationship. (*Id.*)  BRI terminated the agreement on October 26, 2007. (*Id.* at PAGEID # 6268.)  BRI ceased payments to Shea in June 2009. (*Id.*)

During this time, Dr. Bonutti's research company, MarcTec, was involved in a patent infringement lawsuit, *MarcTec, LLC v. Johnson & Johnson et al.*, Case No. 07-cv-825, S. D. Ill. ("*MarcTec* lawsuit").  None of the named parties in that case are the same as the parties in this case.  The court rejected MarcTec's claim interpretation. *MarcTec, LLC v. Johnson & Johnson*, 2009 WL 910200, at *8-12 (S.D. Ill. March 31, 2009).  Subsequently, the court granted summary judgment against MarcTec. *MarcTec, LLC v. Johnson & Johnson*, 638 F. Supp. 2d 987, 992-93 (S.D. Ill. 2009), *judgment vacated on other grounds by* 2009 WL 2913417 (S.D. Ill. Sept. 9, 2009).  The court also deemed the case "exceptional" under 35 U.S.C. § 285 and ordered MarcTec to pay defendant Cordis' reasonable attorney's fees because MarcTec engaged in several forms of deception and misrepresentation and continued to represent claims that lacked merit. *MarcTec, LLC v. Johnson & Johnson*, 2010 WL 680490 (S.D. Ill. Feb. 23, 2010), *aff'd*, 664 F.3d 907 (Fed. Cir. 2012).  Plaintiff Shea has attempted to use this prior litigation against BRI in these proceedings prior to this motion to establish a connection between the outcome of the *MarcTec* lawsuit and termination of fees to Plaintiff. (ECF No. 93, PAGEID # 2841.)

This Court granted summary judgment to Shea on the cause of action for breach of contract and the case is proceeding to trial only on damages on that claim. Defendant BRI now brings this motion in limine to exclude reference to the *MarcTec* lawsuit during the trial, which is scheduled to commence on June 24, 2013.

## II. Standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Courts, however, are generally reluctant to grant broad exclusions of evidence in limine, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388; *cf. Luce*, 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential

prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp.2d at 846. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. *Id.* The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *Id.* (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

### III. Discussion

BRI seeks an in limine order to prevent Shea from making any reference to the *MarcTec* lawsuit, specifically seeking exclusion under Fed. R. Evid. 401, 402, 403, and/or 404(b).  It is undisputed that sanctions were imposed on Dr. Bonutti's company, MarcTec, in that lawsuit, but that MarcTec is not a party to this litigation and that the parties from the *MarcTec* lawsuit and this litigation are not the same.

BRI's motion raises two valid considerations, neither of which the Plaintiff adequately rebuts.  BRI argues that (1) this evidence is not relevant to the determination of damages in this case, and (2) any relevance the evidence may have is greatly outweighed by the likelihood of unfair prejudice and confusion of the issues.  (Def.'s Mot. In Limine, ECF No. 171.)

This case is going to trial solely on the issue of damages.  But the only point that Plaintiff has raised in its memorandum in opposition is that this evidence is relevant to the *reason* for the termination of the fees by BRI which, Shea argues, may be relevant for placing the cause of the

4

dispute in context. (Pl.'s Opp'n, ECF No. 193.) This is, however, a liability issue at best. And liability is no longer at issue.

Under Fed. R. Evid. 401, evidence must have a tendency to prove a fact of consequence in order to be relevant evidence. The use of the *MarcTec* lawsuit would not prove any fact in dispute in this case; there is no need to prove that BRI terminated payment to Shea or why BRI did so.

The damages in this case do not arise from or have a connection to the actual litigation that occurred in the *MarcTec* lawsuit. While there may be some timing dispute as to the termination of payment and the adverse ruling in the *MarcTec* lawsuit, this does not affect the amount of damages and is therefore irrelevant to this litigation. (*Id.* at PAGEID # 11828-29.) Because the evidence is irrelevant, it is properly excluded under Fed. R. Evid. 402.

Even if this evidence were found to be relevant, the evidence is properly excluded under Fed. R. Evid. 403 because it will lead to unfair prejudice and confusion of the issues. The use of the *MarcTec* lawsuit would allow the jury to hear evidence of sanctions that were imposed on Dr. Bonutti's company in that litigation, which is not probative on the issue of damages in this case.

Further, this would open the door to a series of mini-trials on the outcome of the *MarcTec* lawsuit, including its relevance, the involvement of Shea in that litigation, the timing between the lawsuit and the termination of payments, and other issues that may potentially be raised. This will likely lead to confusion of the issues because it goes to evidence of liability,

5

not damages, and liability has already been determined on summary judgment. (ECF No. 171, at PAGEID # 7536-37.)

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion in Limine (ECF No. 171) to exclude any reference at trial to the *MarcTec* lawsuit. As with all decisions in limine, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pretrial motions and memoranda.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE