UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM F. SHEA, LLC, et al.,

        Plaintiffs,

                                    Case No. 2:10-cv-00615-GLF-NMK
    v.                             JUDGE GREGORY L. FROST
                                      Magistrate Judge Norah McCann King

BONUTTI RESEARCH, INC.,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on the following filings:

(1)      Defendant Bonutti Research, Inc.'s ("BRI") Motion in Limine to Preclude Shea

from Accusing BRI's Counsel of Manufacturing Evidence (ECF No. 172);

(2)      Plaintiff William F. Shea, LLC's ("Shea") Memorandum Motion in Opposition to

Defendant's Motion in Limine (ECF No. 185); and

(3)      BRI's Motion for Leave to Reply (ECF No. 201).

As set forth in more detail below, the Court **DENIES** BRI's motions (ECF Nos. 172 and

201).

## I. Background

Plaintiff William F. Shea, LLC ("Shea") and Avon Equity Holdings, LLC (an affiliate of

Shea) brought this action in the Franklin County (Ohio) Court of Common Pleas alleging various

causes of action, including breach of contract.  (Opinion and Order, ECF No. 135, at PAGEID #

1

6269.)  The case was removed to this Court based on diversity of citizenship in 2010.  (*Id.*)  All parties aside from BRI and Shea have been dismissed.  (*Id.*)

The dispute in this case arises from a business relationship between BRI and Shea that eventually turned sour.  Dr. Peter Bonutti, an owner of BRI, is an orthopedic surgeon and inventor of medical products.  Shea entered into an agreement with BRI in August 2003 to memorialize an ongoing business relationship in which Shea promoted the inventions and products of BRI and Dr. Bonutti.  (*Id.* at PAGEID # 6266.)  Under this agreement, Shea was to receive certain fees and commissions.  (*Id.*)  BRI terminated the agreement on October 26, 2007 and ceased payments to Shea in June 2009.  (*Id.* at PAGEID # 6268.)

BRI and Acacia Research Group ("Acacia") entered a transaction to purchase several Bonutti patent rights and licensing agreements in 2012.  (Pl.'s Opp'n, ECF No. 185, at PAGEID # 8804.)  Two more agreements were subsequently entered between BRI, Acacia, and Stryker Corporation ("Stryker").  (*Id.* at PAGEID # 8805.)  The parties appear to agree that at least some of the patent rights and licensing agreements involved in these transactions include some rights for which Shea previously received fees and commissions.  BRI was represented by Baker & Hostetler LLP ("Baker") in the negotiations of all the Acacia and Stryker transactions.  (*Id.* at PAGEID # 8803-14.)  At the same time, Baker also represented, and continues to represent, BRI in this case.  (*Id.*); (Def's Mot. In Limine, ECF No. 172, at PAGEID # 7539.)

This Court granted summary judgment to Shea on the cause of action for breach of contract.  (ECF No. 135.)  Thus, this case is proceeding to trial on June 24, 2013, only on the issue of damages to be awarded Shea for BRI's breach of contract, as well as on Shea's request

for injunctive relief.  As Shea observes in its opposition to BRI's motion in limine, proof of

Shea's damages will entail a detailed look into a $38.6 million transaction between Acacia and

BRI and another set of multi-million dollar transactions involving BRI, Acacia, and Stryker.

Shea intends to introduce evidence of a purported "purchase price allocation" between BRI and

Acacia that Baker was allegedly the driving force behind; Shea further characterizes the

allocation as "highly suspicious" and an attempt to artificially reduce Shea's damages.  Shea

further contends that Baker played a key role in structuring a December 2012 transaction

between Stryker, Acacia, and BRI in such a way as would "benefit BRI and limit Shea's

damages."  (ECF No. 185 at PAGEID# 8813.)  In light of the evidence that Shea intends to offer

at trial, Defendant BRI brings this motion in limine to preclude Shea from accusing it of

manufacturing and manipulating evidence.

## II. Standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure

explicitly authorize a court to rule on an evidentiary motion in limine, the United States Supreme

Court has noted that the practice of ruling on such motions "has developed pursuant to the

district court's inherent authority to manage the course of trials." *Luce v. United States*, 469

U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow a court to rule on issues

pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and

expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)

(citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Courts, however, are generally reluctant to grant broad exclusions of evidence in limine,

because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388; *cf. Luce*, 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp.2d at 846. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. *Id.* The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *Id.* (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

### III. Discussion

#### A.  Motion for Leave to File Reply

The Court first addresses BRI's "motion for leave" to file a reply in support of its motion in limine.  (ECF No. 201.)  The title of BRI's motion is charitable, to say the least.  Nowhere in the motion does BRI actually ask for leave to file a reply; rather, BRI simply makes its reply argument.

To paraphrase an old saying, BRI's motion takes the approach that it is better to ask for forgiveness than for permission to file a reply.  BRI will get neither here.  The Court **DENIES** BRI's misnamed "motion for leave" (ECF No. 201).

### B.  Motion in Limine

BRI seeks an in limine order to prevent Shea from presenting arguments that accuse its counsel of manufacturing or manipulating evidence.  It is undisputed that Baker has represented BRI in the underlying Acacia and Stryker transactions at issue and in this litigation.  BRI argues that the accusations should be precluded as unfounded attacks against opposing counsel and also under Fed. R. Evid. 403.  (Def.'s Mot., ECF No. 172.)

This Court agrees that it is highly improper to make personal attacks on opposing counsel and allegations of manufacturing and manipulating evidence are serious and not to be treated lightly.  Based on the arguments of the parties, however, the Court cannot say that is what Shea intends to do at trial.  Shea is not so much making "personal attacks" or "allegations of manufacturing and manipulating evidence" as it is seeking to introduce evidence of Baker's role in negotiating a "Purchase Price Allocation" provision in the purchase agreement between BRI and Acacia.  (ECF No. 185 at PAGEID# 8808.)  Shea is also seeking to introduce evidence of Baker's involvement in structuring the 2012 transactions involving Stryker in such a way as to "benefit BRI and limit Shea's damages."  (*Id.* at PAGEID# 8813.)

Where there is evidence in the record that would support a reasonable inference, counsel has the freedom to make such supported arguments.  *Cf. United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996) ("[C]ounsel must be given leeway to argue reasonable inferences from the

evidence."); *Missouri - K.-T.R. Co. v. Ridgway*, 191 F.2d 363, 369 (8th Cir. 1951) ("[C]ounsel should be confined to the questions at issue and the evidence…and such inferences, deductions or analogies as may reasonably be drawn therefrom.").  And here, Shea has arguably made a showing that there is a reasonable inference that Baker played a role in structuring the Acacia and Stryker transactions in such a way as to artificially devalue Shea's damage claims in this case.  Based on the evidence and arguments before it, the Court cannot say that Shea's arguments concerning Baker's involvement are unfounded.  Whether Shea can lay the proper foundation *at trial* to introduce evidence to support its argument is another matter.  Shea's ability to do so, however, is not a matter that the Court should determine in a motion in limine.

BRI's argument that Fed. R. Evid. 403 should bar Shea's evidence and argument is equally not well taken.  If Shea lays the proper foundation at trial of Baker's involvement in the valuation of assets relevant to Shea's damage claims, the Court cannot discount the possible probative value of such evidence at trial.  And if Shea can substantiate its claims at trial, the Court cannot say that the probative value of such evidence would be *substantially* outweighed by the danger of *unfair* prejudice.  This is a determination better made at trial than in a sweeping in limine order adjudicated in a vacuum.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant BRI's Motion for Leave to Reply (ECF No. 201.)  The Court further **DENIES** Defendant BRI's Motion in Limine (ECF No. 172) to preclude Shea from accusing counsel of manufacturing evidence.  As with all decisions in limine, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pretrial motions and memoranda.

**IT IS SO ORDERED**.

_____/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE