UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM F. SHEA, LLC, et al.,**

      **Plaintiffs,**

  v.

**BONUTTI RESEARCH, INC.,**

      **Defendant.**

Case No. 2:10-cv-00615-GLF-NMK
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## **OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Bonutti Research, Inc.'s ("BRI") Motion in Limine to Limit the Testimony of Plaintiff's Experts. (ECF No. 173.) Plaintiff William F. Shea, LLC ("Shea") opposes BRI's motion. (ECF No. 186.)

As set forth in more detail below, the Court **DENIES** ECF No. 173.

### **I. Background**

Plaintiff Shea and Avon Equity Holdings, LLC (an affiliate of Shea) brought this action in the Franklin County (Ohio) Court of Common Pleas alleging various causes of action, including breach of contract. (Opinion and Order, ECF No. 135, at PAGEID # 6269.) The case was removed to this Court based on diversity of citizenship. (*Id.*) All parties aside from BRI and Shea have been dismissed by way of various motions and orders. (*Id.*)

Shea entered into an agreement with BRI in August 2003 to memorialize an ongoing business relationship in which Shea promoted the inventions and products of BRI and Dr. Bonutti, owner of BRI. (*Id.* at PAGEID # 6266.) As a part of this agreement, Shea was to

receive certain fees, including commissions on completed transactions, even past the end of the working relationship. (*Id.*) BRI terminated the agreement in October 2007. (*Id.* at PAGEID # 6268.) BRI ceased payments to Shea in June 2009. (*Id.*)

In June 2012, several Bonutti entities entered an agreement with Acacia Research Group ("Acacia"). (Pl.'s Opp'n, ECF No. 185 at PAGEID # 8804-05.) The agreement was for the purchase several of Dr. Bonutti's patents and patent applications and BRI's interest under several of the licensing agreements currently at issue in this case. (*Id.*) In December 2012, Acacia and BRI entered into a deal with Stryker Corporation. (*Id.* at 8813.) This set of transactions ended with some sale of BRI assets to Stryker and also with Acacia purchasing certain enforcement rights on Bonutti patents.

This Court granted summary judgment to Shea on the cause of action for breach of contract and the case is scheduled to begin trial on June 24, 2013 on damages and Shea's request for injunctive relief. The allocation of the initial payment in the Acacia transaction and the effect of the Stryker transaction are central issues in this case. Defendant BRI now brings this motion in limine to partially exclude Plaintiff's experts D. Michael Costello and James D. Liles from testifying.

BRI seeks to prevent Costello, Shea's damages expert, and Liles, an attorney and expert in patent licensing and intellectual property, from testifying on the meaning of contract documents and any personal opinions on the weight and credibility of the evidence. (Def.'s Mot. In Limine, ECF No. 173 at PAGEID # 7556-70.) BRI also seeks to exclude Costello's testimony on prejudgment interest. (*Id.* at PAGEID # 7570.)

2

## II. Standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Courts, however, are generally reluctant to grant broad exclusions of evidence in limine, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388; *cf. Luce*, 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp.2d at 846. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be

3

excluded. *Id.* The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *Id.* (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

### III. Discussion

BRI seeks an in limine order to limit the testimony of Shea's experts under Fed. R. Evid. 702. Specifically BRI argues that the experts should be excluded from testifying to (1) legal conclusions concerning disputed contracts and (2) personal views on the weight of the evidence. (Def.'s Mot. In Limine, ECF No. 173 at PAGEID# 7554.) Though BRI does not appear to dispute the qualifications of either Costello or Liles to testify generally as experts, BRI argues that the testimony of Shea's experts is unreliable and improper.

Fed. R. Evid. 702 requires that (1) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact, (2) the testimony is based on sufficient facts and data, (3) the testimony is the product of reliable principles and methods, and (4) the witness has applied the principles and methods reliably to the facts of the case. *Ross v. Am. Red Cross*, No. 2:09-cv-905, 2012 WL 1656995, at *5 (S.D. Ohio May 10, 2012).

The motion in limine before the Court is an example of why motions in limine are, in most instances, a useless pretrial exercise. How the Court could possibly be expected to preclude testimony of these witnesses in a vacuum is a mystery. BRI's arguments are premature and, in any event, fail to show that the experts have impermissibly gone beyond the bounds of proper expert testimony in their depositions.

### A. Timing of Motion

BRI's motion is premature.  The Court has no way of knowing how the experts will testify at trial.  *Ausa Life Ins. Co. v. Dwyer*, 899 F. Supp. 1200, 1202 (S.D.N.Y. 1995) ("It is simply impossible to foresee at this point what testimony the parties will actually seek to introduce at trial or in what context it will be presented.").

The testimony that BRI seeks to exclude may or may not be admissible based on how it is introduced or stated at trial.  An expert may not offer conclusions or testify to the legal effect of a contract.  *Apponi v. Sunshine Biscuits, Inc.,* 809 F.2d 1210, 1218 (6th Cir. 1987); *United States ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 301 (6th Cir. 1998) (*quoting CMI-Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir. 1996)).  But an expert may testify based on assumptions concerning facts in dispute and about industry custom.  *McGowan v. Cooper Indus., Inc.*, 863 F. 2d 1266, 1270 (6th Cir. 1988); *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994); *Aetna Inc. v. Express Scripts, Inc.*, 261 F.R.D. 72, 80 (E.D. Pa. 2009).  Without the context of trial it is impossible for this Court to determine if the testimony will cross the very fine line of admissibility between assumptions and industry practice and offering a legal conclusion.  *Berry*, 25 F.3d at 1353 ("The distinction, although subtle, is nonetheless important."); *Ji v. Bose Corp.*, 538 F. Supp. 2d 354, 359 (D. Mass. 2008) ("[T]he line is not always clear between impermissible testimony about what the law is and permissible testimony about standard industry practice.").

**B. Sufficiency of Facts and Data**

BRI's argument concerning the assumptions and personal opinions of the Shea's expert witnesses seems to misunderstand the law of evidence.  While it is true that an expert cannot simply opine on the credibility of witnesses and the weight of the evidence, an expert may weigh the evidence in arriving at his opinion.  The expert may base his opinion on any facts and data "perceived by or made known to the expert" as long as it is of a type reasonably relied on by other experts in the particular field.  Fed. R. Evid. 703.  The expert will necessarily have to make determinations on weight and credibility in order to reach a conclusion based on the facts and data provided to him.  Without the context of trial, this Court cannot determine whether the expert will opine on the basis of his opinions or on the weight of the evidence.  None of the instances cited by the Defendant go so far beyond the realm of admissibility that this Court can deem them inadmissible at this time.  (Def.'s Mot., ECF No. 173 at PAGEID # 7565-70.)

Any assumptions on which Costello and Liles have based their opinions are admissible as long as they are sufficiently reliable on the basis of the record.  The assumptions on which the experts rely are supported by evidence in the record.  The Stryker and Acacia agreements are both at issue in this trial and, as the motions show, there can be differing opinions over the rights those agreements confer on Shea.  (Def.'s Mot., ECF No. 173 at PAGEID # 7562-63; Pl.'s Opp'n, ECF No. 186 at PAGE # 8831-33.)

The question of the credibility of the expert assumptions goes to the weight of the evidence, not its reliability or admissibility.  *Aetna Inc.*, 261 F.R.D. at 82 ("[T]o the extent that there are facts in dispute which [the expert] should or should not have relied upon…a jury will

6

be given the opportunity…[to assess] each of the parties' respective expert damages witnesses.") This Court does not find that either expert has made major leaps or left unexplained "analytical gaps" between his opinion and the evidence in the case. *Cf. Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

### C. Prejudgment Interest

This Court agrees, and Shea does not dispute, that prejudgment interest determinations are questions of law under Delaware law. *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992). Based on Shea's opposition, it does not appear that Shea will be asking Mr. Costello to testify at trial regarding prejudgment interest issues. Because this issue appears unlikely to arise at trial, the Court finds an in limine order of exclusion unnecessary. As with the other issues raised in BRI's motion, this is a matter that can and should be addressed in the context of trial.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion in Limine (ECF No. 173) to limit the testimony of Plaintiff's experts Costello and Liles. As with all decisions in limine, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pretrial motions and memoranda.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE